IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | CRIMINAL NO. 12-30015-DRH |
|  | ) |  |
| MARIA LEIGH WILDER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## PLEA AGREEMENT

The attorney for the United States of America and the attorney for the Defendant have engaged in discussions and have reached an agreement pursuant to Federal Rule of Criminal Procedure 11. As a result of the Plea Agreement, the Defendant intends to plead guilty in this case.

### I.

1. By pleading guilty, the Defendant fully understands that the Defendant is waiving the following rights: (a) the right to plead not guilty to the charges; (b) the right to be tried by a jury in a public and speedy trial; (c) the right to file pretrial motions, including motions to suppress or exclude evidence; (d) the right at such trial to a presumption of innocence; (e) the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; (f) the right not to testify; (g) the right not to present any evidence; (h) the right to be protected from compelled self-incrimination; (i) the right at trial to confront and cross-examine adverse witnesses; (j) the right to testify and present evidence; and (k) the right to compel the attendance of witnesses.

1

2. The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

3. The Defendant agrees that all agreements between the parties are written and that no oral promises, inducements, representations, or threats were made to induce the Defendant to enter into the Plea Agreement and Stipulation of Facts.

4. It is further understood that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. It is further understood that the Plea Agreement does not prohibit the United States, any of its agencies, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving the Defendant.

5. The Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count. The Defendant agrees that the full amount of the special assessment will be paid prior to or at the time of sentencing.

6. The Defendant understands that the Court will impose a term of "supervised release" to follow any incarceration. *See* 18 U.S.C. § 3583; U.S.S.G. § 5D1.1.

7. The Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision. The estimated costs of such incarceration, community confinement, and supervision, pursuant to the Administrative Office of the United States Courts,

are the following: for imprisonment: $2,412.33 per month; for community correction center: $2,244.17 per month; and for supervision: $278.95 per month. *See* Memorandum of Administrative Office of the United States Courts, re: Costs of Incarceration and Supervision, May 17, 2013. The Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. This cooperation will include signing all releases, as requested. The Defendant agrees that any Probation Officer may share any and all financial information with the United States Attorney's Office and the Defendant waives any rights the Defendant may have under the Right to Financial Privacy Act. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

8. The Defendant understands that the Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), the Defendant will be forbidden by federal firearms laws from possessing any type of firearm in the Defendant's lifetime, unless the Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

9. The Defendant understands and agrees that if the Defendant commits any offense in violation of federal, state, or local law, or violates any condition of release, or violates any term or condition of the Plea Agreement, the United States is not bound by the provisions herein and may request that the Court impose on the Defendant any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No

action taken or recommendation made by the United States pursuant to this paragraph shall be grounds for the Defendant to withdraw the plea of guilty.

10. The Defendant has read the Plea Agreement and has discussed it with defense counsel, understands it, and agrees to be bound by it.

## II.

1. The Defendant will enter a plea of guilty to count one of the indictment (Government agrees to dismiss count 2 at sentencing), which charges a violation of the following statute, which carry the following penalties:

| Count | Charge and Statute | Penalties<br>- imprisonment (nmt)<br>- fine (nmt)<br>- supervised release (nmt)<br>- class of felony<br>- special assessment | Authority |
|---|---|---|---|
| 1 | Misuse of a Social Security Number<br>42 U.S.C. § 408(a)(7)(B) | 5 years<br>$250,000, or both<br>3 years<br>class D felony<br>$100 | 42 U.S.C. §§ 408(a),<br>18 U.S.C. § 3571(b)(3)<br>18 U.S.C. § 3583(b)(2)<br>18 U.S.C. § 3559(a)(3)<br>18 U.S.C. § 3013(a)(2)(A) |

2. The United States and the Defendant agree that the following constitute the essential elements of the offenses, and the Defendant admits that the Defendant's conduct violated these essential elements of the offense:

| Count | Charge and Statute | Elements |
|---|---|---|
| 1 | Misuse of a Social Security Number<br><br>42 U.S.C. § 408(a)(7)(B) | *First*, the defendant utilized a social security number as her own for any purpose;<br><br>*Second*, at the time she utilized the social security number she did so with the intent to deceive; and<br><br>*Third*, that she knew that the social security number she utilized had not been assigned to her but instead had been assigned to another person. |

3. The United States and the Defendant submit that under the Sentencing Guidelines, after all factors have been considered, the Defendant will have the following the following computations for sentencing:

| | |
|---|---|
| **Offense Level** | 4 |
| **Criminal History Category** | II |
| **Sentencing Range** | 0-6 months (Zone C) |
| **Fine Range** | $500-$5,000<br>(U.S.S.G. § 5E1.2 - Fine Table (for offense level of 4) |
| **Supervised Release** | 3 years |
| **Special Assessment** | $100 |

5

The United States and Defendant agree that these calculations of Offense Level and Criminal History are not binding on the Court, and that the Court ultimately will determine the Guideline range after receiving the Presentence Report and giving both parties the opportunity to comment. The Defendant expressly recognizes that, regardless of the Guideline range found or the sentence imposed by the Court, the Defendant will not be permitted to withdraw the Defendant's plea of guilty. The United States and Defendant agree to recommend to the Court **a sentence of 5 years of probation** as the appropriate sentence in this matter after all factors set forth in 18 U.S.C. § 3553(a) are considered. The Government will also recommend a fine **at the low end** of the range ultimately found by the Court. The Government agrees to dismiss Count 2 of the indictment at sentencing if defendant has complied with all provisions of this agreement. The agreement by the parties is not binding upon the Court or the United States Probation Office, and the Court may impose any sentence authorized by law. The United States specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the United States). The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the criminal history and characteristics of the Defendant.

4. The Defendant and the United States agree to the following Guideline Offense Level calculations and agree that no other adjustments (*e.g.*, victim, role, obstruction) appear to apply:

| Levels | Guideline | Basis |
|---|---|---|
| 6 | § 2B1.1(a)(2) | base offense level |
| - 2 | § 3E1.1(a) | affirmative acceptance of personal responsibility, decrease by two (2) |
| 4 | -- | **Total** |

5. The Defendant and the United States agree that the Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the United States will recommend a reduction of two (2) levels, reducing the Offense Level from 6 to Offense Level 4. *See* U.S.S.G. § 3E1.1. A reduction for acceptance of responsibility is dependent on the Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying relevant conduct or committing any acts constituting obstruction of justice.

6. The Defendant and the United States submit that it appears that Defendant has amassed two (2) Criminal History points and that, therefore, the Sentencing Guideline Criminal History Category is II.

The Defendant expressly recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties, and any evidence submitted before sentencing. The Defendant recognizes that, regardless of the criminal history found by the Court, the Defendant will not be able to withdraw the plea of guilty.

7. The Defendant understands that the United States will recommend the imposition of a fine. The Defendant understands that the United States' recommendation may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

### III.

1. The Defendant understands that by pleading guilty in accordance with this plea agreement, the Defendant is waiving all appellate issues that might have been available if the Defendant had exercised the right to trial. The Defendant is fully satisfied with the representation received from defense counsel. The Defendant acknowledges that the United States has provided complete discovery compliance in this case. The Defendant has reviewed the United States' evidence and has discussed the United States' case, possible defenses and defense witnesses with defense counsel.

2. The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives the right to contest any aspect of this conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the

1

reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the United States reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the United States.

3. The Defendant's waiver of the right to appeal or bring collateral challenges shall not apply to the following: (a) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, that is declared retroactive by those Courts, and that renders the defendant actually innocent of the charges covered herein, and (b) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (*see* U.S.S.G. § 1B1.10). The United States reserves the right to oppose such claims for relief.

4. The Defendant's waiver of the appeal and collateral review rights shall not affect the United States' right to appeal the Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. *See* 28 C.F.R. § 0.20(b).

5. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6. The Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

V.

No matters are in dispute.

STEPHEN R. WIGGINTON
United States Attorney

_____
MARIA Leigh WILDER
Defendant

_____
RANLEY R. KILLIAN
Assistant United States Attorney

_____
PHILLIP J. KAVANAUGH
Attorney for Defendant

Dated: January 17, 2014

Dated: January 14, 2014